## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NUMBER 07-402** |
| **JOEL CAMARILLO 30509-034** | * | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is Defendant Joel Camarillo's Motion to Correct his Sentence pursuant to 28 U.S.C. § 2255. (Rec. Doc. 371). Having reviewed Mr. Camarillo's Motion, the Government's response (R. Doc. 376) and the applicable law, the Court now issues this Order & Reasons.

### I.    BACKGROUND

On March 27, 2008, Joel Camarillo ("Camarillo") pleaded guilty to Counts One and Six of an eighteen-count superseding indictment. (R. Doc. 138). Count One charged Camarillo with conspiracy to distribute and possess with intent to distribute five hundred grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) all in violation of 21 U.S.C. § 846. (R. Doc. 33 at 2). Count Six charged Camarillo with knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at 4.

Camarillo entered into a plea agreement waiving "the right to appeal [his] conviction and/or his sentence, including but not limited to any appeal right conferred by Title 28, United States Code, Sections 1291, and by Title 18, U.S.C. § 3742." (R. Doc. 140 at 2). Camarillo further "waive[d] his right to contest his conviction and/or his sentence in any collateral

proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255….” *Id*. However, Camarillo reserved “the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.” *Id.* at 3. On August 20, 2008, The Honorable Helen G. Berrigan sentenced Camarillo to 151 months as to Count One and one month as to Count Six, to be served consecutively. (R. Doc. 225). Judge Berrigan further sentenced Camarillo to five years supervised release for each of Counts One and Six, to be served concurrently. *Id*.

On June 3, 2015, Judge Berrigan reduced Camarillo’s sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that had subsequently been lowered by Amendment 782 to the U.S. Sentencing Guidelines and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). (R. Doc. 324). Camarillo’s sentence for Count One was reduced to 121 months. *Id*. Camarillo’s case was transferred to this Court on February 29, 2016, for all further proceedings. (R. Doc. 336).

## II.    PRESENT MOTION

On October 3, 2016, the Court received Camarillo’s Motion to Vacate under 28 U.S.C. § 2255. (R. Doc. 371). In his motion, Camarillo seeks relief based on Amendment 794 to § 3B1.1 of the United States Sentencing Guidelines, which provides that a defendant who, for example, “does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.” Camarillo avers he merits relief because his counsel was ineffective and because Amendment 794 was not available at the time of his sentencing. (R. Doc. 371 at 4). Camarillo asks the Court to vacate his sentence and remand for resentencing to include a four-level reduction for a mitigating role under U.S.S.G. § 3B1.2. *Id*. at 12. He avers his new sentencing should be 78

2

months, making him entitled to immediate release. (R. Doc. 371-1 at 4). Camarillo also asks for immediate deportation to Mexico upon release.

The Government opposed the Motion, arguing that Camarillo waived his right to relief under § 2255 except in limited circumstances not relevant here, that Amendment 794 is not retroactive, and that Camarillo offers no evidence to support his contention that his role in the crime was minor. (R. Doc. 376). The Government further contends that an evidentiary hearing is unnecessary because the case record shoes Camarillo is not entitled to relief. *Id*. at 8.

## III.   LAW AND ANALYSIS

### A.   Relief under § 2255

In his plea agreement, Camarillo expressly waived his right to collateral relief under § 2255 except for "the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum." *Id*. at 3. The instant motion is neither a direct appeal nor an appeal of a sentence imposed in excess of the statutory maximum. However, this Court recognizes that Camarillo is proceeding pro se and should accordingly "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This Court will therefore construe Camarillo's motion as a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to modify a term of imprisonment of a Defendant who was sentenced based on a "sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." *See United States v. Perez*, 2016 WL 4775536, at *2 (S.D.N.Y. Sept. 14, 2016) (construing § 2255 motion seeking retroactive application of Amendment 794 as a § 3582(c)(2) motion); *Harris v. United States*, No. 3:08-CV-0060-O, 2008 WL 4821321, at *1 (N.D. Tex. Nov. 5, 2008).

B. <u>Amendment 794</u>

Camarillo seeks relief under Amendment 794 to the United States Sentencing Guidelines, which amends the commentary section of U.S.S.G. § 3B1.2 to provide courts with additional guidance and to clarify a circuit split, finding that the "mitigating role is applied inconsistently and more sparingly than the Commission intended." U.S.S.G. Amendment 794. The Amendment clarified language in Note 3(A) of § 3B1.2 and also included a "non-exhaustive list of factors" a court "should consider" in determining whether to apply a mitigating role reduction. Those factors are:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, comment, n.3(C). The Commission gives as an example a defendant with no proprietary interest in the charged criminal activity but is merely paid to perform certain tasks. *Id*.

Whether or not Amendment 794 is retroactive is an unsettled issue in this circuit. While the Ninth and Eleventh Circuits have both found 794 to be retroactive on direct appeal, neither have expressly found it to be retroactive on collateral appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Casas*, 632 F. App'x 1003, 1005 (11th Cir. 2015). The Fifth Circuit has twice declined to decide whether or not the amendment is retroactive, finding the defendants would not be eligible even if the amendment were given

4

retroactive effect. *See*, *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016); *United States v. Castro*, 843 F.3d 608 (5th Cir. 2016).[1]

Because Camarillo is not eligible for any genuine relief even if Amendment 794 is retroactive, this Court will not discuss the retroactivity of the amendment or Camarillo's possible eligibility for that relief.

Camarillo pleaded guilty to Count One, conspiracy to distribute and possess with intent to distribute five hundred grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) all in violation of 21 U.S.C. § 846 and Count Six, knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Id*. at 4. Camarillo was sentenced to 151 months as to Count One, which was later reduced to 121 months. Count One carries a statutory minimum sentence of 10 years, or 120 months. *See* 21 U.S.C. § 841(b)(1)(A). Camarillo's current sentence is 121 months, or one month over the statutory minimum. Accordingly, even if this Court were to find Amendment 794 to be retroactive and applicable to Camarillo, this Court is limited to the sentences required by the statute to which Camarillo pled guilty. The resulting reduction under the sentencing guidelines, if applicable, would have no practical effect on Camarillo's case.

---

[1] It's worth noting that the dissenting opinion in *Castro* echoes the Ninth and Eleventh Circuits, finding 794 to be a clarifying amendment and therefore retroactive on direct appeal. [CITE TO CASTRO DISSENT]. This suggests an unsettled debate over the retroactivity of this amendment, but as Camarillo is not affected by the outcome of this debate, the Court will not address it further.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Joel Camarillo's Motion to Correct

Sentence (Rec. Doc. 371) is hereby **DENIED**.


New Orleans, Louisiana this 12th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE

cc:

Joel Camarillo 30509-034
YAZOO CITY MEDIUM
Federal Correctional Institution
P. O. Box 5888
Yazoo City, MS 39194